UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                                     :
Crisostomo, Juan Cruz                                :
                                                     :
                          Petitioner,                :              10 Civ. 3452
                                                     :              Opinion & Order
                 -against-                           :
                                                     :
UNITED STATES OF AMERICA,                            :
                                                     :
                          Respondent.    :
-----------------------------------------------------X

WOOD, U.S.D.J.:

        Pro se petitioner Juan Cruz Crisostomo ("Petitioner") petitions for a writ of habeas

corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"), asking the Court to vacate, set-aside, or

correct his sentence on the grounds that: (1) his sentence is substantively unreasonable because

his co-defendant received a lesser sentence; (2) the Government acted vindictively and in

ignorance of the facts of the case at sentencing; and (3) the Court should have used its discretion

to impose a below-Guidelines sentence.  [Dkt. No. 1.]

        For the reasons set forth below, the Court DENIES the petition.


I.      **Background**

        On April 7, 2005, the Government charged Petitioner and a number of co-defendants for

their roles in an international drug-trafficking and money laundering scheme.  Petitioner was

indicted for participating in a money laundering conspiracy, in violation of 18 U.S.C. § 1956.

On September 5, 2006, pursuant to an agreement with the Government, Petitioner pleaded guilty.

This Court accepted his guilty plea in October 2006.

1

In the summer of 2008, while preparing for the trial of co-defendant Fatima Henriquez Diaz ("Diaz"), the Government discovered that Petitioner had violated his agreement.  Diaz was ultimately convicted of money laundering conspiracy, and was sentenced to a term of imprisonment of one year and one day.

For purposes of Petitioner's sentencing, the Government argued that Petitioner should be sentenced to a Guidelines sentence (30 to 37 months imprisonment) and refused to submit a letter pursuant to U.S.S.G. § 5K1.1.  Petitioner did not contest the Government's decision not to submit a § 5K1.1 motion, but requested a downward departure.

On July 14, 2009, at the sentencing hearing, the Court heard argument from both parties. Petitioner argued he should be given a lesser sentence than Diaz, who he claimed "brought him into the scheme."  See United States v. Crisostomo, 04-CR-1353, at 10 (S.D.N.Y. July 14, 2009) (Wood, J.).  The Government contended, however, that Petitioner hampered the overall investigation of the case.  Ultimately, the Court adopted the Sentencing Guidelines calculation of 30 to 37 months imprisonment and imposed a below-Guidelines sentence of 26 months.  In considering Petitioner's sentence, the Court took into account both the 18 U.S.C. § 3553(a) factors and Petitioner's conduct over the course of the case.

Petitioner appealed to the Second Circuit, arguing that his sentence was substantively unreasonable because Diaz received a lesser sentence.  United States v. Crisostomo, 392 F. App'x 894, 895 (2d Cir. 2010) (No. 09-3234).  The Second Circuit upheld Petitioner's sentence, finding that "[t]he four-month downward variance suggests that the district court, in balancing factors, believed that the balance tipped in Cruz's favor but not overwhelmingly so.  We think this is a reasonable conclusion and therefore find no abuse of discretion."  Id. at 896.  The Second Circuit also specifically rejected Cruz's argument premised on the disparity between his

and Diaz's sentences.  Id. ("[Section] 3553(a)(6) focuses on nationwide sentencing disparities, not those between co-defendants, and . . . while a district court *may* consider such intra-conspiracy disparities in the exercise of its discretion, it is not compelled to do so.  Moreover, it is not clear that Cruz and his co-defendant were similarly situated.  We therefore cannot fault the district court for not giving Cruz a more lenient sentence.").

## II.   Analysis

On April 26, 2010, Petitioner filed the instant habeas petition, arguing that (1) his sentence was substantively unreasonable because of the disparity between his and Diaz's sentences; (2) the Government acted vindictively in seeking a Guidelines sentence and was ill-informed about the case; and (3) the Court should have used its discretion to impose a lesser sentence.

### A.  Governing Legal Principles

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence.  28 U.S.C. § 2255.  Relief pursuant to Section 2255 is available "only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  The Court construes Petitioner's pro se submissions to raise the strongest arguments suggested.  See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir.1995).

The purpose of a Section 2255 petition is not to "relitigate questions which were raised and considered on direct appeal."  Cabrera v. United States, 972 F.2d 23, 25 (2d Cir.1992).  Accordingly, absent an intervening change in law or circumstance, claims that have already been

considered on direct appeal are procedurally barred from consideration in a 2255 petition.  See Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) ("Reconsideration is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal.").

Moreover, Section 2255 states that claims that could have but were not raised on direct appeal "shall not be entertained" unless a petitioner can show either: (1) cause and prejudice for the failure to raise the claim; or (2) that he is actually innocent of the crime for which he was convicted.  See 28 U.S.C. § 2255(e); Bousley v. United States, 523 U.S. 614 (1998).  "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him."  Coleman v. Thompson, 501 U.S. 722, 753 (1991).

### B.  Petitioner's Claims

For the reasons stated below, the Court rejects each of Petitioner's claims as both procedurally barred and without merit.

### 1. Substantive Reasonableness

The Court rejects Petitioner's argument that his sentence is substantively unreasonable because of the disparity between his and Diaz's sentences.  [Dkt. No. 1, at 1.]  As noted above, Petitioner raised this same argument both at sentencing and on direct appeal to the Second Circuit.  The Second Circuit squarely considered and rejected this argument.  Crisostomo, 392 F. App'x at 896 ("[Section] 3553(a)(6) focuses on nationwide sentencing disparities, not those between co-defendants, and . . . while a district court *may* consider such intra-conspiracy disparities in the exercise of its discretion, it is not compelled to do so.  Moreover, it is not clear that Cruz and his co-defendant were similarly situated.  We therefore cannot fault the district court for not giving Cruz a more lenient sentence.").  Accordingly, Petitioner is barred from

raising this claim again unless he can show a change in law or circumstance that would merit reconsidering this claim. Petitioner alleges no such change, and the Court can find none. Accordingly, this claim must be dismissed.

Moreover, even absent the procedural bar, the Court would reject this claim. Although Petitioner argues that the Court should have imposed a lesser sentence because his co-defendant received a lesser sentence, the law is clear that district courts *may*, but are not required to, consider sentencing disparities between co-defendants. See United States v. Frias, 521 F.3d 229, 236 & n.8 (2d Cir. 2008); United States v. Wills, 476 F.3d 103, 110 (2d Cir. 2007). Accordingly, the sentencing disparity between Petitioner and his co-defendant cannot serve as a basis for habeas relief.

### 2. Government Vindictiveness

The Court also rejects Petitioner's argument that the Government acted vindictively in seeking a Guidelines sentence and was ill-informed about the case. Petitioner could have but failed to raise these arguments on direct appeal. See Crisostomo, 392 F. App'x 894. Absent a claim of actual innocence or explanation for this failure, the Court finds that Petitioner is procedurally barred from raising these claims in his Section 2255 petition.

Moreover, even absent the procedural bar, the Court would reject this claim. Petitioner contends that the Government acted vindictively when it "continued to reference [sentencing] enhancements" during the sentencing hearing and when it sought a Guidelines sentence. [Dkt. No. 1, at 1.] The record demonstrates, however, that the Government did not seek any additional sentencing enhancements. In fact, the Government explicitly stated that it would *not* seek any

enhancements.[1]  See United States v. Crisostomo, 04-CR-1353 (S.D.N.Y. July 14, 2009) (Wood, J.) (sentencing hearing).

To state a claim against the Government for vindictiveness, Petitioner must overcome the presumption that the Government acted properly.  "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties."  United States v. Chem. Found., 272 U.S. 1, 14-15 (1926).  Petitioner's vindictiveness claim finds no support in the record and is therefore without merit.[2]

Petitioner's contentions that the Government committed prosecutorial misconduct by being unclear about the facts of the case and violated Petitioner's right to a fair trial by relying on hearsay, is likewise without merit.  [Dkt. No. 1, at 1-2.]  First, courts may rely upon hearsay in the sentencing context, provided that the information has sufficient indicia of reliability.  See U.S.S.G. § 6A1.3 Commentary ("Reliable hearsay evidence may be considered.").  Second, "[w]here a § 2255 petition alleges reliance on materially false sentencing information, the sentence will be vacated … only if the challenged information is (1) false or unreliable and (2) demonstrably made the basis for the sentence."  Jones v. United States, 783 F.2d 1477, 1480 (9th Cir. 1986).  In this case, Petitioner fails to prove either of these requirements.  First, the Government's admission that it was unaware of certain facts at sentencing does not amount to "false or unreliable" statements.  Second, Petitioner offers no evidence that the Court relied upon

---

[1] Moreover, because the Government did not seek any enhancements that could increase Petitioner's penalty beyond the statutory maximum, Petitioner does not state a violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[2] The Court also rejects Petitioner's conclusory argument that the Government violated his Fifth Amendment right against self-incrimination. This argument is procedurally barred because Petitioner failed to raise it on direct appeal.  Petitioner's argument also fails on the merits because Petitioner's plea and statements were entirely voluntary.

the Government's statements as a "basis for the sentence."  In fact, Petitioner received a sentence *below* the sentence advocated by the Government, which suggests that the Court was not entirely swayed by the Government's statements.

### 3. Failure to Exercise Discretion at Sentencing

Finally, the Court rejects Petitioner's argument that the Court should have exercised its discretion by imposing a lesser sentence.  Petitioner could have but failed to raise this argument on direct appeal.  Absent a claim of actual innocence or explanation for this failure, Petitioner is procedurally barred from raising this claim.

Moreover, even absent the procedural bar, the Court would reject this claim.  Petitioner argues that the Court should have "used its discretion and not strictly adhered to adversarial guidelines."  [Dkt. No. 1, at 2.]  At sentencing, the Court considered the § 3553(a) factors, including the Sentencing Guidelines range, and made "an individualized assessment based on the facts presented."  Gall v. United States, 552 U.S. 38, 50 (2007).  The Second Circuit approved both the Court's Guidelines calculation and its individualized assessment.  See Crisostomo, 392 F. App'x at 896.  Petitioner fails to recognize that the imposition of a 26 month sentence—four months below the lowest Guidelines sentence—was itself an exercise of sentencing discretion.  Petitioner offers no reason—other than the length of Diaz's sentence (as discussed above)—why his sentence should be further reduced.

Section 2255 motions are designed to grant relief for violations of the Constitution or federal law, or where the sentence imposed is in excess of the maximum authorized by law.  28 U.S.C. § 2255(a).  Petitioner does not satisfy these requirements.

## III.   <u>Conclusion</u>

For the reasons set forth above, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255.   A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

SO ORDERED.

**The Clerk of Court is directed to close this case.  Any pending motions are moot.**

DATED:      New York, New York
                 November 19, 2012

KIMBA M. WOOD

United States District Judge

8